IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Evelyn Rodriguez, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   16 C 8314 |
| ARS National Services, Inc., a California corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Evelyn Rodriguez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Evelyn Rodriguez ("Rodriguez"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed to Citibank, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, ARS National Services, Inc. ("ARS"), is a California corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. ARS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant ARS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant ARS is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant ARS is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Rodriguez is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed to Citibank. When ARS began trying to collect this debt from Ms. Rodriguez, by sending her a collection letter, dated January 29, 2016, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and ARS's collection actions. A copy of this letter is attached as Exhibit C.

8. Accordingly, on May 10, 2016, one of Ms. Rodriguez's attorneys at LASPD

2

informed ARS, in writing, that Ms. Rodriguez was represented by counsel, and directed ARS to cease contacting her, and to cease all further collection activities because Ms. Rodriguez was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit <u>D</u>.

9. Nonetheless, Defendant ARS called Ms. Rodriguez directly, including, but not limited to a telephone call on June 1, 2016, from telephone number 646-680-0307, regarding payment of the Citibank debt.

10. Accordingly, on June 9, 2016 one of Ms. Rodriguez's LASPD attorneys had to write to Defendant ARS to yet again demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit <u>E</u>.

11. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Defendant's continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

12. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, <u>see</u>, <u>Lox v. CDA</u>, 689 F.3d 818, at 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

13. Defendant ARS's collection actions complained of herein occurred within

one year of the date of this Complaint.

14. Defendant ARS's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Rodriguez's agent/attorney, LASPD, told Defendant ARS to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt, Defendant ARS violated § 1692c(c) of the FDCPA.

18. Defendant ARS's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is

4

represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendant ARS knew that Ms. Rodriguez was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant ARS to cease directly communicating with her. By directly calling Ms. Rodriguez, despite being advised that she was represented by counsel, Defendant ARS violated § 1692c(a)(2) of the FDCPA.

22. Defendant ARS's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Evelyn Rodriguez, prays that this Court:

1. Find that Defendant ARS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Rodriguez, and against Defendant ARS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Evelyn Rodriguez, demands trial by jury.

Evelyn Rodriguez,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: August 24, 2016

5

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com